FILED
2021 AUG 23 PM 12:10
CLERK
U.S. DISTRICT COURT

Jason E. Greene (#13990)
Jared D. Scott (#15066)
Jacob D. Barney (#16777)
ANDERSON & KARRENBERG
50 W. Broadway, Suite 600
Salt Lake City, UT 84101-2035
Telephone: 801-534-1700
jgreene@aklawfirm.com
jscott@aklawfirm.com
jbarney@aklawfirm.com

Kip B. Shuman (#145842) *pro hac vice pending*
SHUMAN, GLENN & STECKER
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (303) 861-3003
kip@shumanlawfirm.com

Rusty E. Glenn (#39183) *pro hac vice pending*
SHUMAN, GLENN & STECKER
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
rusty@shumanlawfirm.com

Brett D. Stecker (#86242) *pro hac vice pending*
SHUMAN, GLENN & STECKER
326 W. Lancaster Avenue
Ardmore, PA 19003
Telephone: (303) 861-3003
brett@shumanlawfirm.com

Seamus Kaskela (#204351) *pro hac vice pending*
KASKELA LAW LLC
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
Telephone: (888) 715-1740
skaskela@kaskelalaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| STEFFEN MAUTE, derivatively on behalf of MERIT MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRED P. LAMPROPOULOS; RAUL PARRA; A. SCOTT ANDERSON; JILL D. ANDERSON; THOMAS J. GUNDERSON; F. ANN MILLNER; LYNNE N. WARD; and JUSTIN F. LAMPROPOULOS, <br><br> Defendants, <br><br> – and – <br><br> MERIT MEDICAL SYSTEMS, INC., a Utah corporation, <br><br> Nominal Defendant. | **ORDER GRANTING STIPULATED MOTION TO STAY DERIVATIVE ACTION** <br><br> Case No. 2:21-cv-00346-DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Based upon the parties' Stipulated Motion to Stay Derivative Action and good cause appearing therefor, the Court hereby grants the following:

1. To the extent any of the Defendants have not yet been served, each of the Defendants hereby accepts service of the Summons and Complaint, without waiver of any defenses that any of them may have other than as to service of process.

2. The Derivative Action (including all discovery) shall be temporarily stayed for a period of one hundred and eighty (180) days, but subject to each party's right: (i) to move the Court to lift or extend the stay, and (ii) to oppose such motions to lift or extend the stay.

3. Plaintiff may file an amended complaint during the pendency of the stay. Defendants need not answer, move, or otherwise respond to an amended complaint, if one is filed, during the pendency of the stay.

4. Defendants may, at their sole discretion, answer, move, or otherwise respond to the existing complaint or any amended complaint during the pendency of the stay. Plaintiff need not respond to any motion, if one is filed, during the pendency of the stay.

5. Defendants expressly reserve all procedural and substantive defenses and objections to any and all claims, theories, and factual allegations of the Derivative Action, including defenses that no demand has been made on the Company or the Company's Board of Directors, that a demand would not be futile, and that the Company and its Board of Directors (or a Committee established by the Board) have internal governance rights that are paramount in this context.

6.    If the stay of proceedings is lifted, the parties shall meet and confer and submit a proposed scheduling order within twenty-one (21) days governing further proceedings in the Derivative Action, including the date by which Defendants must answer or otherwise plead.

7.    Defendants shall promptly notify Plaintiff if and when they become aware of any derivative lawsuits filed in any forum subsequent to the above-captioned Derivative Action or threatened derivative lawsuits (including requests to inspect Merit's books and records pursuant to Utah Code Ann. § 16-10a-1602, or pre-suit litigation demands on Merit's board of directors) that are related to the conduct alleged in the above-captioned Derivative Action.

8.    The parties agree that while the Derivative Action is stayed, in the event Defendants provide any documents or responses to discovery requests (formal or informal) in the Securities Action, Defendants shall provide to Plaintiff as soon as practicable all such documents and discovery responses.

9.    Any information provided by Defendants to Plaintiff, whether in the form of a production of documents or any other form, shall be treated by Plaintiff as confidential and governed by the Standard Protective Order generally applicable in this court pursuant to DUCivR 26-2(a).

10.   The parties also agree that when mediation takes place in regard to the Securities Action (or any other factually related shareholder action), Defendants will provide reasonable advance notice of, and invite and encourage Plaintiff's reasonable participation in, the mediation.

DATED this 23 August 2021.

_____
Dustin B. Pead
United States Magistrate Judge

APPROVED AS TO FORM:

*/s/ Robert S. Clark*
Robert S. Clark
Parr Brown Gee & Loveless
Attorneys for Individual Defendants
(Fred P. Lampropoulos, Raul Parra, A. Scott Anderson,
Jill D. Anderson, Thomas J. Gunderson, F. Ann Millner,
Lynne N. Ward, and Justin F. Lampropoulos)
*[Signed by Filing Attorney with Permission]*


*/s/ Paul R. Bessette*
Paul R. Bessette
Michael J. Biles
S. Saliya Subasinghe
King & Spalding LLP
Attorneys for Nominal Defendant Merit Medical, Inc.
*[Signed by Filing Attorney with Permission]*