**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| STEFFEN MAUTE, derivatively on behalf of MERIT MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRED P. LAMPROPOULOS; RAUL PARRA; A. SCOTT ANDERSON; JILL D. ANDERSON; THOMAS J. GUNDERSON; F. ANN MILLNER; LYNNE N. WARD; and JUSTIN F. LAMPROPOULOS, <br><br> Defendants, <br><br> – and – <br><br> MERIT MEDICAL SYSTEMS, INC., a Utah corporation, <br><br> Nominal Defendant. | **STIPULATION AND AGREEMENT OF SETTLEMENT** <br><br><br> Case No. 2:21-cv-00346-DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

This Stipulation and Agreement of Settlement (the "Stipulation"), fully executed on August 23, 2022, is made and entered into by and among the following Parties (as defined herein), each by and through their respective counsel of record: (i) Plaintiff Steffen Maute ("Plaintiff") in the above-captioned consolidated stockholder derivative action (the "Action"), on behalf of himself and derivatively on behalf of Merit Medical Systems, Inc. ("Merit" or the "Company" or the "Nominal Defendant"); (ii) Nominal Defendant Merit; and (iii) individual defendants Fred P. Lampropoulos ("F. Lampropoulos"), Raul Parra ("Parra"), A. Scott Anderson, Jill D. Anderson, Thomas J. Gunderson, F. Ann Millner, Lynne N. Ward, and Justin F. Lampropoulos, each of whom is a current or former member of the Board of Directors (the "Board") of Merit and/or a current or former senior officer of Merit (collectively, the "Individual Defendants" and together with Merit,

the "Defendants").

This Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle Plaintiff's Released Claims (as defined herein), upon the terms and subject to the conditions set forth herein.

## I.      INTRODUCTION

### A.      Factual Background

In late 2018, Merit acquired (i) Cianna Medical, Inc. ("Cianna"), a manufacturer of devices for the treatment of breast cancer that was the largest acquisition in the Company's history; and (ii) certain assets of Vascular Insights, LLC ("Vascular Insights") associated with the manufacturing and sales of ClariVein, a specialty infusion catheter used to treat to treat superficial venous disease.  Among other things, Plaintiff's Complaint alleged that, beginning in February 2019, the Individual Defendants breached fiduciary duties to Merit or its stockholders (including alleged breaches of the duty of care, candor or loyalty) in connection with materially false and misleading statements about the Cianna and Vascular Insights acquisitions. The Complaint alleged that the false and misleading statements included assertions that Merit had successfully integrated Cianna and maintained its sales force, and that sales of ClariVein products were driving Merit's growth. As is detailed more fully in Section III below, Defendants disputed the allegations, asserted multiple defenses, and deny any and all liability or wrongdoing.

### B.      Procedural Background and Settlement Negotiations

On October 29, 2020, Plaintiff sent a demand letter to the Company's corporate secretary which demanded the inspection of internal Merit books and records pursuant to Utah Code Ann. § 16-10a-1602 (the "Inspection Demand"). By letter dated November 9, 2020, the Company responded to the Inspection Demand. Counsel for Plaintiff and Merit thereafter engaged in several

meet and confer discussions concerning the scope of documents which the Company would produce. Counsel for Plaintiff and Merit also began negotiating a confidentiality agreement which would govern Plaintiff's use of the documents produced (the "Inspection Production").

Upon reaching an agreement as to the scope of documents, Merit made an initial Inspection Production to Plaintiff on November 9, 2020, subject to a commitment of confidentiality that was formalized in writing on November 30, 2020.  A Supplemental Inspection Production took place on December 9, 2020.

On May 20, 2021, Plaintiff filed the Verified Stockholder Derivative Complaint (the "Complaint") under seal. The Complaint contained allegations based, in part, on information derived from and citations to certain non-public documents obtained in the Inspection Demand pursuant to Utah Code Ann. § 16-10a-1602. The Complaint asserted claims against each of the Individual Defendants for breach of fiduciary duty and unjust enrichment based on the allegations above, as well as sales of Merit stock made by certain of the Individual Defendants.

Shortly after the filing of the Complaint, the Parties agreed to a temporary stay of litigation. Subsequently, the Parties participated in a private mediation session with Michelle Yoshida of the mediation, arbitration and dispute resolution firm Phillips ADR (the "Mediator"). As a part of the stay, the Defendants agreed to produce discovery documents to Plaintiff which had been produced in the related federal securities action captioned *In re Merit Medical Systems, Inc. Securities Litigation,* Case No. 8:19-cv-02326-DOC-ADS (C.D. Cal.) (the "Securities Action"). The Defendants produced, on a rolling basis, eight (8) separate productions totaling approximately five-hundred twenty-five thousand (525,000) pages of internal corporate documents.

The Parties participated in a full-day, in-person mediation session with the Mediator on October 5, 2021 (the "First Mediation"). While a resolution was not reached by the Parties at the

conclusion of the First Mediation, the Parties made substantial progress and thereafter continued to engage in extensive communications and further efforts over the following weeks and months aimed at reaching a settlement. These communications were both direct between counsel for the Parties, and through the Mediator. As a result of these extensive negotiations, the Parties were ultimately able to reach a tentative agreement on many of the corporate governance terms contained within this Settlement on February 22, 2022.

With substantial progress having been made, the Parties participated in a second mediation session with the Mediator on February 25, 2022, which was focused on negotiating an agreed-to payment of attorneys' fees and reimbursement of expenses to Plaintiff's Counsel (the "Second Mediation").

The Parties were not able to reach agreement on this final remaining settlement term at the conclusion of the Second Mediation, even with the assistance of the Mediator. Nevertheless, the Parties subsequently continued good faith negotiations for over three months. On June 14, 2022, the Mediator issued a double-blind "Mediator's Proposal" to the Parties calling for payment of $1 million in combined attorneys' fees and expenses to Plaintiff's Counsel. On June 22, 2022, the Mediator communicated that all Parties had agreed to the Mediator's Proposal and $1 million attorney fee and expense award, subject to final approval of the Non-Party Directors, and also subject to Court approval. This final term completed the Parties' settlement negotiations.

Counsel thereafter prepared this Stipulation, which was presented to the Non-Party Directors. The Non-Party Directors unanimously voted to approve the settlement reflected in this Stipulation (the "Settlement") at a meeting on July 22, 2022.

As a condition of the Settlement, Merit will agree to institute and maintain certain corporate governance reforms, the terms of which are fully set forth in Exhibit A to this Stipulation for a

period of not less than four (4) years, subject to the right to alter or amend such terms or policies in the event a majority of Independent Directors determine that modification thereof is in the best interests of the Company and its shareholders.

## II.   PLAINTIFF'S COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFF'S CLAIMS, AND THE BENEFITS OF SETTLEMENT

Plaintiff's Counsel (as defined herein) conducted an extensive investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to: (1) inspecting, analyzing, and reviewing Merit's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) conducting an investigation of Merit's books and records pursuant to Utah Code Ann. § 16-10a-1602, including the review and analysis of Board minutes, Board presentations, and other Board documents; (3) reviewing and analyzing the approximately 525,000 pages of Securities Action discovery produced; (4) drafting and filing the detailed Complaint in the Action; (5) researching the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (6) researching corporate governance issues; and (7) participating in extensive settlement discussions with counsel for Defendants.

Plaintiff's Counsel believes that the claims asserted in the Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and solely in order to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including a potential trial and appeal, Plaintiff has concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Plaintiff and Plaintiff's Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants

5

through trial and through possible appeal. Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in a complex case such as the Action, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, Plaintiff and Plaintiff's Counsel have determined that the Settlement is in the best interests of Plaintiff, Merit, and Current Merit Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

### III.   DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny that they have committed or attempted to commit any violations of law, any breach of fiduciary duty owed to Merit, were unjustly enriched, or committed any wrongdoing whatsoever. Without admitting the validity of any of the claims Plaintiff has asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Final Order and Judgment (as defined herein), nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is or may be construed or used as evidence of the validity of any of Plaintiff's Released Claims (defined herein), or as an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

### IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiff (on behalf of himself and derivatively on behalf of Merit), the Individual Defendants, and Nominal Defendant Merit, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to the approval of the Court, the Action, Plaintiff's Released Claims and Defendants' Released Claims shall be finally and fully

compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon the terms and subject to the conditions set forth herein as follows:

1.     **Definitions**

As used in this Stipulation, the following terms have the meaning specified below:

1.1.     "Action" means the above-captioned consolidated stockholder derivative action pending in the U.S. District Court for the District of Utah, captioned *Maute v. Lampropoulos et al.*, Case No. 2:21-cv-00346-DBP.

1.2.     "Board" means the Merit Board of Directors.

1.3.     "Court" means the U.S. District Court for the District of Utah.

1.4.     "Company" means Merit Medical Systems, Inc.

1.5.     "Current Merit Stockholder" means any Person who owned Merit common stock as of the Execution Date of this Stipulation and who continues to hold their Merit common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of Merit, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.6.     "Defendants" means, collectively, the Individual Defendants and Nominal Defendant Merit.

1.7.     "Defendants' Counsel" means (i) Parr Brown Gee & Loveless, 101 South 200 East, Salt Lake City, UT 84111: and (ii) King & Spalding LLP, 500 West 2nd Street, Suite 1800, Austin, TX 78701.

1.8.     "Defendants' Released Claims" means collectively all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, asserted or that might have been asserted in

any forum by Defendants' Released Persons against Plaintiff's Released Persons, which arise out of, are based on, or relate in any way, directly or indirectly, to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

    1.9. "Defendants' Released Persons" means each of the Defendants and, to the maximum extent permitted by law, each of Defendants' immediate family members, spouses, heirs, executors, estates, administrators, trustees, assigns, and any trusts in which Defendants, or any of them, are settlors, or which are for the benefit of any Defendants and/or members of his immediate family; any entity in which a Defendant, and/or members of his family has a controlling interest; each of the Defendants' present and former attorneys, legal representatives, and assigns in connection with the Action; Defendants' insurers; and all present and former directors and officers, agents, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, and divisions of the Defendants.

    1.10. "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

    1.11. "Execution Date" means the date this Stipulation has been signed by all the signatories through their respective counsel.

    1.12. "Fee and Expense Award" means the sum to be paid to Plaintiff's Counsel for their attorneys' fees and expenses, detailed in ¶¶ 5.1-5.2, subject to Court approval, in recognition of the substantial benefits conferred upon Merit and Current Merit Stockholders by the initiation, prosecution, and settlement of the Action.

    1.13. "Final" means the time when a judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without

action, of time for seeking appellate review. More specifically, it is that situation when (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an appeal has been filed and the court of appeals has either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying Final Order and Judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees, costs or expenses shall not in any way delay or preclude the Judgment from becoming Final.

1.14.   "Final Order and Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit E.

1.15.   "Independent Directors" means those directors of Merit who are not an officer or employee of Merit or its subsidiaries, and individuals who, in the opinion of the Board, do not have a relationship that would interfere with the exercise of independent judgment in carrying out the responsibilities of a director.

1.16.   "Individual Defendants" means, collectively, Fred P. Lampropoulos, Raul Parra, A. Scott Anderson, Jill D. Anderson, Thomas J. Gunderson, F. Ann Millner, Lynne N. Ward, and Justin F. Lampropoulos.

1.17.   "Merit," the "Company" or "Nominal Defendant" means Merit and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.18.   "Non-Party Directors" means those directors of Merit (as of the date of a described action) that were not Individual Defendants.

1.19.   "Notice to Current Merit Stockholders" or "Notice" means the Notice of Pendency and Proposed Settlement of Stockholder Action, substantially in the form of Exhibit C attached hereto.

1.20.   "Parties" means, collectively, Plaintiff (on behalf of himself and derivatively on behalf of Merit), each of the Individual Defendants, and Nominal Defendant Merit.

1.21.   "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.22.   "Plaintiff" means Steffen Maute.

1.23.   "Plaintiff's Lead Counsel" means Shuman, Glenn & Stecker, 600 17th Street, Ste. 2800 South, Denver, CO 80202.

1.24.   "Plaintiff's Counsel" means: (i) Anderson & Karrenberg, 50 W. Broadway, Ste. 600, Salt Lake City, UT 84101; (ii) Shuman, Glenn & Stecker, 600 17th Street, Ste. 2800 South, Denver, CO 80202; and (iii) Kaskela Law LLC, 18 Campus Blvd., Ste. 100, Newtown Square, PA 19073.

1.25.   "Plaintiff's Released Claims" means all actions, suits, claims, demands, rights, liabilities, and causes of action of every nature, and description whatsoever, including both known claims or Unknown Claims, asserted or that might have been asserted in any forum by Plaintiff's Released Persons or any other Merit stockholder derivatively on behalf of Merit, against any of Defendants' Released Persons, that: (a) were alleged in the Action or (b) could have been asserted against the Company or Individual Defendants, or any of them, in any forum that arise

out of, or are based upon, or related to any of the allegations, transactions, facts, matters, occurrences, representations, omissions or subject matter set forth or otherwise at issue in the Action or that could have been brought or included in the Action (whether related to known claims or Unknown Claims) concerning: (i) the acquisition, integration and/or operation of Cianna and/or ClariVein; (ii) the Company's or Individual Defendants' failure to maintain appropriate internal controls or to provide proper oversight and management of Merit; (iii) the Individual Defendants' acquisition or disposition of any company securities; or (iv) the Individual Defendants' alleged breach of fiduciary duty to Merit or its stockholders (including alleged breaches of the duty of care, candor or loyalty); provided however, that "Plaintiff's Released Claims" shall not include any claims to enforce the Settlement. For the avoidance of doubt, the Plaintiff's Released Claims do not include any direct claims of any Merit stockholder, including any claims based on or arising under the federal or state securities laws.

1.26.   "Plaintiff's Released Persons" means Plaintiff, Plaintiff's Counsel and each of their immediate family members, spouses, heirs, executors, administrators, successors, trustees, attorneys, personal or legal representatives, advisors, estates, assigns, and agents thereof.

1.27.   "Preliminary Approval Order" means the Order to be entered by the Court, substantially in the form of Exhibit B attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to Current Merit Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and the Fee and Expense Award should be finally approved.

1.28.   "Released Parties" means Defendants' Released Persons and Plaintiff's Released Persons.

1.29.   "Releases" means the releases set forth in ¶¶ 4.1 and 4.2 of this Stipulation.

1.30.   "Settlement" means the settlement documented in this Stipulation.

1.31.   "Settlement Hearing" means a hearing by the Court to review this Stipulation and determine: (i) whether to enter the Final Order and Judgment; and (ii) all other matters related to the Settlement that are properly before the Court.

1.32.   "Stipulation" means this Stipulation and Agreement of Settlement.

1.33.   "Summary Notice" means the summarized Notice substantially in the form of Exhibit D attached hereto.

1.34.   "Unknown Claims" means any of Plaintiff's Released Claims and Defendants' Released Claims that any Party does not know or suspect exists in his, her, or its favor at the time of the Settlement, including, without limitation, those claims which, if known, might have affected the decision to enter into, or not object to, this Settlement. The Parties expressly waive, relinquish, and release any and all provisions, rights, and benefits conferred by or under California Civil Code Section 1542 ("§ 1542") or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and Defendants acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement.

The Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to Plaintiff's Released Claims and Defendants' Released Claims in the Settlement, as the case may be, but it is the intention of the Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and

extinguish any and all Plaintiff's Released Claims and Defendants' Released Claims known or unknown, suspected or unsuspected, contingent or absolute, apparent or unapparent, which exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

2.    **Settlement Consideration**

2.1.   Merit, through its Board, shall commence implementation of the corporate governance measures (the "Reforms") attached as Exhibit A to this Stipulation, within thirty (30) days after the Effective Date, except as expressly set forth in Exhibit A.

2.2.   Defendants acknowledge that the filing of the Action was a substantial contribution to the relief set forth in ¶2.1 above. Defendants agree that the Reforms confer a substantial benefit on Merit and Current Merit Stockholders. In addition, the Non-Party Directors, exercising their independent business judgment, believe that the Settlement is in the best interests of, and provides substantial benefit to, Merit and Current Merit Stockholders.

3.    **Procedures for Implementing the Settlement**

3.1.   Within ten (10) business days after the Execution Date of this Stipulation, Plaintiff shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit B attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice to Current Merit Shareholders of pendency and proposed Settlement in the manner set forth below; (iii) approval of the form of Notice attached hereto as Exhibit C; and (iv) a date for the Settlement Hearing.

3.2.   Within ten (10) business days of the Court's entry of the Preliminary Approval Order, Merit shall: (a) cause a press release to be issued that contains the contents of the Summary Notice; and (b) cause a Current Report on Form 8-K to be filed with the SEC that

contains the contents of the Summary Notice, attach a copy of the Stipulation to the 8-K and provide a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of Merit's website. All costs of such Notice and posting and any other notice ordered by the Court shall be paid by Merit.

3.3.    After notice as described above is given, Plaintiff's Counsel shall request that the Court hold the Settlement Hearing to finally approve the Settlement and the requested Fee and Expense Award. At the Settlement Hearing, Plaintiff's Counsel shall request the Court's final approval of the Settlement and the Court's approval of the Fee and Expense Award as referenced in Section 5 below.

3.4.    The Parties shall request that any objections and papers filed in support of objections to the Settlement shall be considered by the Court at the hearing only if the objector, among other things: (i) files notice of an intention to appear that includes proof of current ownership of Merit common stock, (ii) files papers in support of the objection with the Clerk of the Court by at least twenty-one (21) calendar days prior to the hearing, and (iii) ensures such notice and papers have been served on and received by counsel as identified in the Notice by at least twenty-one (21) calendar days prior to the hearing.

3.5.    If the Court approves the Settlement at the Settlement Hearing, the Parties will jointly request entry of the Final Order and Judgment by the Court, the entry of which is a condition of this Stipulation: (i) approving finally the Settlement set forth in the Stipulation as fair, adequate, and reasonable, and directing its consummation pursuant to its terms; (ii) finally approving the Fee and Expense Award to Plaintiff's Counsel; (iii) dismissing with prejudice all of Plaintiff's Released Claims against Defendants' Released Persons; (iv) permanently barring and enjoining the institution and prosecution by Plaintiff's Released Persons and any Merit stockholder

on behalf of Merit against Defendants' Released Persons in any court of any of Plaintiff's Released Claims and any claims arising out of, relating to or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; (v) permanently barring and enjoining the institution and prosecution by Defendants' Released Persons and/or Current Merit Stockholders of any action against Plaintiff's Released Persons in any court of any of the Defendants' Released Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of the Action; and (vi) containing such other and further provisions consistent with the terms of this Stipulation to which the Parties hereto consent in writing.

3.6.    Any objections to or appeals from the Fee and Expense Award shall not affect the finality of the Settlement.

**4.    Releases**

4.1.    In consideration of the obligations and commitments undertaken by Defendants and the releases by Defendants' Released Persons, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Plaintiff's Released Persons shall fully, finally and forever release, relinquish and discharge as against Defendants' Released Persons any and all of Plaintiff's Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiff's Released Claims against Defendants' Released Persons.

4.2.    In consideration of the obligations and commitments undertaken by the Parties, which constitute good and valuable consideration, and subject to the terms and conditions of this Stipulation, on the Effective Date, Defendants' Released Persons shall fully, finally and forever release, relinquish and discharge as against Plaintiff's Released Persons any and all of

Defendants' Released Claims, and shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all Defendants' Released Claims against Plaintiff's Released Persons.

4.3.    Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

**5.    Plaintiff's Counsel's Attorneys' Fees and Expenses**

5.1.    In recognition of the substantial benefits provided to Merit and Current Merit Stockholders as a result of the initiation, prosecution, pendency, and settlement of the Action, Merit and/or its insurers shall, upon Court approval, pursuant to the timetable provided herein, pay or cause to be paid to Plaintiff's Counsel attorneys' fees and expenses in the total amount of $1,000,000 (the "Fee and Expense Award"). The amount of the Fee and Expense Award is the product of the Parties' acceptance of the "Mediator's Proposal" made by the Mediator, Michelle Yoshida. The Non-Party Directors, in the exercise of their independent business judgment, have determined that the Fee and Expense Award is in the best interests of, and provides substantial benefit to, Merit and Current Merit Stockholders, and the Parties mutually agree that the Fee and Expense Award is in the best interests of, and provides substantial benefit to, Merit and Current Merit Stockholders.

5.2.    The Fee and Expense Award shall be transferred to Plaintiff's Lead Counsel, as receiving agent for Plaintiff's Counsel, within ten (10) business days after entry of the order awarding the Fee and Expense Award, notwithstanding the existence of any timely filed objections to the Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to Merit and/or its successor(s) or insurer(s) pursuant to paragraph 5.4 below.

5.3.     Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiff's Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein. Plaintiff's Lead Counsel shall have the sole authority for the allocation and distribution of the Fee and Expense Award to Plaintiff's Counsel. Defendants shall have no obligation to make any payment other than the Fee and Expense Award as provided herein to any Plaintiff's Counsel.

5.4.     Plaintiff's Counsel and their successors are obligated to repay the amount of the Fee and Expense Award, or part thereof, paid by Merit and/or its successor(s) or insurer(s) if the Settlement is terminated pursuant to the terms of this Stipulation or if, or a result of any appeal or further proceedings on remand or successful collateral attack, the Fee and Expense Award is overturned or reduced and such order overturning or reducing the award has become final and no longer subject to appeal. Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after (a) the date of termination of the Settlement; or (b) the date any order reducing or reversing the Fee and Expense Award has become final and no longer subject to appeal.

5.5.     Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs in connection with the Action.

5.6.     In light of the substantial benefits Plaintiff helped to create for Merit and all Current Merit Stockholders, the Plaintiff may apply for a Court-approved incentive award in the amount of $2,500.00 (the "Incentive Award"). The Incentive Award shall be funded from the Fee and Expense Award to the extent that this Settlement is approved in whole or part. Defendants shall take no position on the Incentive Award.

6.     **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1.    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     The Non-Party Directors have approved the Settlement and each of its terms as in the best interests of Merit;

(b)     the entry by the Court of the Final Order and Judgment; and

(c)     the Final Order and Judgment having become Final.

6.2.    If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.3, and the Parties shall be restored to their respective positions in the Action as of the Execution Date of this Stipulation, unless Plaintiff's Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3.    If for any reason the Effective Date of the Stipulation does not occur, or if the Stipulation is in any way canceled or terminated or if the judgment specified in ¶ 6.1(c) is successfully attacked collaterally, then the payments to Plaintiff's Counsel pursuant to Section 5, shall be returned to Merit, its designee, and/or its successors within ten (10) business days of said event.

6.4.    In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions as of the Execution Date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation,

with the exception of ¶¶ 6.2-6.4, 8.4, 8.6, 8.9, 8.10, and 8.11 herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**7.     Bankruptcy**

7.1.     In the event any proceedings by or on behalf of Merit, whether voluntary or involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2.     In the event of any Bankruptcy Proceedings by or on behalf of Merit, the Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the Bankruptcy Court to carry out the terms and conditions of the Stipulation.

**8.     Miscellaneous Provisions**

8.1.     The Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2.     The Parties agree that the terms of the Settlement were negotiated in good faith by the Parties through arms-length negotiations and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the substantial assistance of the Mediator. No discussions regarding the Fee and Expense Award were conducted until the

material settlement terms were first agreed upon. The Parties will request that the Judgment in the Action contain a finding that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and all other similar rules of professional conduct. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.3.    Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiff's Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4.    The exhibits to the Stipulation are material and integral parts hereof and are

fully incorporated herein by this reference.

       8.5.    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

       8.6.    The Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Parties with respect to the Action, constitute the entire agreement among the Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

       8.7.    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and the Released Persons. The Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of Merit shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of Merit they will continue to seek final approval of this Stipulation expeditiously, including but not limited to the settlement terms reflected in this Stipulation and the Fee and Expense Award. The Parties also agree that, upon completion of this Settlement, Merit will have received adequate consideration for payment of the Fee and Expense Award.

       8.8.    No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

       8.9.    All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

       8.10.    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Parties hereby warrants that such Person has the full authority to do so. The

Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, Plaintiff's Released Persons, and Defendants' Released Persons.

8.11.   The Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of August 23, 2022.

**ANDERSON & KARRENBERG**

Jason E. Greene
Jared D. Scott
Jacob D. Barney
50 W. Broadway, Ste. 600,
Salt Lake City, UT 84101
*Counsel for Plaintiff*

**SHUMAN, GLENN & STECKER**

Kip B. Shuman
Rusty E. Glenn
Brett D. Stecker
600 17th Street, Ste. 2800 South,
Denver, CO 80202
*Counsel for Plaintiff*

**PARR BROWN GEE & LOVELESS**

Robert S. Clark
101 South 200 East
Salt Lake City, UT 84111
*Counsel for the Individual Defendants*

22

Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, Plaintiff's Released Persons, and Defendants' Released Persons.

8.11.  The Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of August 23, 2022.

**ANDERSON & KARRENBERG**

Jason E. Greene
Jared D. Scott
Jacob D. Barney
50 W. Broadway, Ste. 600,
Salt Lake City, UT 84101
*Counsel for Plaintiff*

**SHUMAN, GLENN & STECKER**

Kip B. Shuman
Rusty E. Glenn
Brett D. Stecker
600 17th Street, Ste. 2800 South,
Denver, CO 80202
*Counsel for Plaintiff*

**PARR BROWN GEE & LOVELESS**

Robert S. Clark
101 South 200 East
Salt Lake City, UT 84111
*Counsel for the Individual Defendants*

22

**KING & SPALDING LLP**

Paul R. Bessette
Michael J. Biles
500 West 2nd Street, Suite 1800
Austin, TX 78701
*Counsel for Nominal Defendant Merit
Medical Systems, Inc.*

23