# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| STEFFEN MAUTE, derivatively on behalf of MERIT MEDICAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRED P. LAMPROPOULOS; RAUL PARRA; A. SCOTT ANDERSON; JILL D. ANDERSON; THOMAS J. GUNDERSON; F. ANN MILLNER; LYNNE N. WARD; and JUSTIN F. LAMPROPOULOS, <br><br> Defendants, <br><br> – and – <br><br> MERIT MEDICAL SYSTEMS, INC., a Utah corporation, <br><br> Nominal Defendant. | **FINAL ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF DERIVATIVE SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND EXPENSES** <br><br> Case No. 2:21-cv-00346-RJS-DBP <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Dustin B. Pead |

This matter came before the court on February 16, 2023, pursuant to this court's Order Preliminarily Approving Derivative Settlement and Providing for Notice (Preliminary Approval Order),[1] and on application of the parties for final approval of the settlement set forth in the stipulated Motion for Settlement and Memorandum in Support and for Award of Attorneys' Fees and Expenses (Motion for Settlement).[2] The court granted the Motion and issues this Final Order and Judgment to provide a formal record of the oral ruling.

---

[1] Dkt. 31, *Order Preliminarily Approving Derivative Settlement and Providing for Notice* (*Preliminary Approval Order*).

[2] Dkt. 26, *Motion for Settlement and Memorandum in Support and for Award of Attorney Fees and Expenses* (*Motion for Settlement*).

1

## BACKGROUND

On June 3, 2021, Plaintiff Steffen Maute filed this shareholder derivative action on behalf of Merit Medical Systems, Inc. (Merit) against seven current and former Merit board members: Fred P. Lampropoulos, Raul Parra; A. Scott Anderson, Jill D. Anderson, Thomas J. Gunderson, F. Ann Millner, Lynne N. Ward, and Justin F. Lampropoulos (collectively, Defendants).[3] Maute alleged the Defendants made numerous false and misleading statements concerning Merit's acquisition and integration of other companies.[4] On these facts, Maute brought claims for Breach of Fiduciary Duty and Unjust Enrichment under Utah law.[5]

Shortly after the Complaint was filed, the parties agreed to stay litigation to attend mediation.[6] The parties attended two all-day mediation sessions and engaged in negotiations for eight months before reaching an agreed-upon settlement (Stipulation).[7] Merit's non-party directors unanimously approved the Stipulation, including the award of attorney fees.[8]

Maute then submitted the Stipulation to the court for preliminary approval, which the court granted with instructions to provide shareholders notice and an opportunity to object prior to a final fairness hearing.[9] On January 26, 2023, Maute timely filed his Motion for Settlement.[10] No objections to the Stipulation were filed with the court or counsel.

The court held the final fairness hearing pursuant to Federal Rule of Civil Procedure 23.1

---

[3] Dkt. 2, *Complaint*.

[4] *Id.* ¶¶ 57–91.

[5] *Id.* ¶¶ 243–49, 250–52.

[6] Dkt. 6, *Stipulated Motion to Stay Derivative Action.*

[7] *Motion for Settlement* at 5–6. All capitalized terms shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

[8] *Motion for Settlement* at 6.

[9] *See generally Preliminary Approval Order.*

[10] *See generally Motion for Settlement.*

on February 16, 2023.[11]  Having considered all papers filed and proceedings, and otherwise being fully informed, the court GRANTED the Motion for Settlement on the record.[12]  This Final Order and Judgment reflects the court's oral ruling and provides the terms in writing for the shareholders.

**FINAL SETTLEMENT AND AWARD APPROVAL**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to Merit and Current Merit Stockholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. The Action, all claims contained therein, and Plaintiff's Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.  As among Plaintiff, Merit, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

---

[11] Dkt. 41, *Minute Entry for Final Fairness Hearing*; *see also* Fed. R. Civ. P. 23.1(c) ("A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval.").

[12] *See id.*

5. Plaintiff's Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Plaintiff's Released Claims against Defendants' Released Persons.

6. Defendants and Defendants' Released Persons shall forever be barred and enjoined from instituting, commencing, or prosecuting any and all of Defendants' Released Claims against Plaintiff and/or Plaintiff's Released Persons.

7. Upon the Effective Date, Merit, Plaintiff (individually and derivatively on behalf of Merit), and Current Merit Stockholders (solely in their capacity as Merit stockholders) shall be deemed to have, and by operation of this Final Order and Judgment shall have fully, finally, and forever released, relinquished, and discharged all Plaintiff's Released Claims (including Unknown Claims) and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Action against the Released Parties.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, Defendants and Defendants' Released Persons shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Released Persons from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or Plaintiff's Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. The court finds that the Notice to Current Merit Stockholders issued by press release, along with the Summary Notice filed with the SEC via a Current Report on Form 8-K and posted on the Investor Relations portion of Merit's website, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein,

including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

10. The court finds that during the course of the Action, the Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

11. The court finds that the Fee and Expense Award and the Incentive Award are fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award and the Incentive Award.

12. Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiff's Released Claims, or of any fault, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons; or (ii) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, omission, wrongdoing or liability of any of the Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons or Plaintiff's Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Parties, Plaintiff's Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiff's Released Persons may file the Stipulation and/or the Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith

settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Final Order and Judgment in any way, the court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation, including, if necessary, setting aside and vacating this Final Order and Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.     This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

15.     The Clerk of Court is directed to close the case.

SO ORDERED this 24th day of February, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge